■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL ERCEG, Appellant.

APPEAL from a judgment of the Court of Special Sessions held by a City Magistrate of the City of New York, Borough of The Bronx, rendered July 8, 1960, upon defendant's conviction of violating sections 643a–2.0, 643a–9.0 and C26–207.0 of the Administrative Code of the City of New York.

MEMORANDUM BY THE COURT. Judgment of conviction for violation of sections 643a–2.0, 643a–9.0 and C26–207.0 of the Administrative Code of the City of New York affirmed. Defendant was convicted of a misdemeanor for failure to comply with an order requiring him to remove forthwith a violation at the described premises. The complaint asserts service of the order on defendant on April 6, 1960. A copy of the order was attached. The copy is that of a peremptory (or forthwith) order punishable or issued under section C26–207.0 of the Administrative Code of the City of New York, rather than a nonperemptory order punishable or issued under section C26–206.0. Both sections, however, refer to orders to remove "violations" and, hence, the orders are loosely called violations. Exhibit 1, signed by defendant, admits service of the order, referred to as a "pending violation", on April 6, 1960, the same date mentioned in the complaint as the date of service of the order on which this prosecution was based. Neither the record nor the argument of counsel dehors the record assert or establish that there was more than one order served, namely, the peremptory order punishable or issued under section C26–207.0 and the one attached as a copy to the complaint.

RABIN, J. (dissenting). I dissent and vote to dismiss the information on the ground that there was no proof of service of the order which it is charged the defendant failed to obey. Proof of service upon the defendant is essential before a conviction may properly be obtained.

The prosecution argues that the record contains an admission by the defendant to the effect that he received a copy of the order. Were such an admission present it would be sufficient to establish the requisite service. However, no such admission is to be found. The admission relied upon by the People is a statement signed by the defendant at a departmental hearing wherein he stated that he had received a "copy of the pending violation." The prosecution equates such statement with an admission that the defendant received a copy of the peremptory order. For such equation there is no justification. This prosecution is under sections 643a–9.0 and C26–207.0 of the Administrative Code of the City of New York for the failure to comply with a peremptory order and not for the mere failure to cure a violation under subdivision d of section C26–206 0. While the defendant's statement might be deemed to be an admission of knowledge of the violation there is no warrant for the inference that he was also aware of the peremptory order to correct the same. We may not so speculate in a criminal proceeding with

respect to facts which must be proven (*People* v. *Sacks,* 276 N. Y. 321, 328). Nor is it of any consequence that a copy of the order is annexed to the information. Such fact at best demonstrates the existence of the order but does not prove that service thereof was made upon the defendant. If, as the prosecution contends, there was service of the order, proof thereof could have readily been adduced upon the trial. In a criminal proceeding each and every element of the crime must be proven beyond a reasonable doubt. The People have failed to meet that test with respect to the element of service of the order.

Botein, P. J., Breitel, Valente and Bastow, JJ., concur in decision; Rabin, J., dissents in opinion.

Judgment of conviction affirmed.